seal

(12)
3-7-01

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN WASHINGTON,            :
                               :
        Plaintiff              :
                               :
    v.                         :    CIVIL NO. 1:CV-00-1991
                               :
LACKAWANNA COUNTY PRISON,      :    (Judge Kane)
                               :
        Defendant              :

**FILED
HARRISBURG, PA

MAR 0 6 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK**

<u>ORDER</u>

**Background**

Stephen Washington, an inmate presently confined at the State Correctional Institution, Houtzdale initiated this civil rights action under 42 U.S.C. § 1983. On February 14, 2001, the court received a document from the Plaintiff which will be construed as a motion for appointment of counsel (Doc. 10).

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1196 (1994); <u>Ray v. Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981). The Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate

"the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984).

Washington's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. <u>Tabron</u>, <u>supra</u>, at 155-56. In the pleadings submitted by Plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this court's liberal construction of <u>pro se</u> pleadings, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action <u>pro se</u>, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Washington will suffer substantial prejudice if he is forced to prosecute this case on his own.

Therefore, Washington's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either <u>sua sponte</u> or upon a motion properly filed by the Plaintiff.

AND NOW, THEREFORE, THIS 6TH DAY OF ~~FEBRUARY~~ March, 2001, IT

2

IS HEREBY ORDERED THAT:

1. Washington's correspondence of February 14, 2001 is construed as a motion for appointment of counsel.

2. Plaintiff's motion for appointment of counsel (Doc. 10) is denied.

_____
YVETTE KANE
United States District Judge

YK:jvw

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

March 6, 2001

Re: 1:00-cv-01991  Washington v. Lackawanna County Pr

True and correct copies of the attached were mailed by the clerk to the following:

Stephen Washington
SCI-HOUTZDALE
EJ8067
P.O.Box 1000
Houtzdale, PA  16698-1000

```
cc:
Judge                       ( )              ( ) Pro Se Law Clerk
Magistrate Judge            ( )              ( ) INS
U.S. Marshal                ( )              ( ) Jury Clerk
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Ct Reporter                 ( )
Ctroom Deputy               ( )
Orig-Security               ( )
Federal Public Defender     ( )
Summons Issued              ( ) with N/C attached to complt. and served by:
                                U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5         ( )
Order to Show Cause         ( ) with Petition attached & mailed certified mail
                                to: US Atty Gen  ( )    PA Atty Gen ( )
                                    DA of County ( )    Respondents ( )
Bankruptcy Court            ( )
Other_____       ( )
```

MARY E. D'ANDREA, Clerk

DATE: 3/6/01                   BY: _____
                                   Deputy Clerk