UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN WASHINGTON,           :
                              :
        Plaintiff             :
                              :
v.                            :    CIVIL NO. 1:CV-00-1991
                              :
LACKAWANNA COUNTY PRISON,     :    (Judge Kane)
                              :
        Defendant             :

<u>ORDER</u>

FILED
HARRISBURG, PA
JUL 18 2001
MARY E. D'ANDREA, CLERK
Per _____
      Deputy Clerk

Stephen Washington, an inmate presently confined at the State Correctional Institution, Houtzdale, Pennsylvania, initiated the above-captioned civil rights complaint pursuant to 42 U.S.C. § 1983. Along with his action, Plaintiff has submitted an application requesting leave to proceed <u>in forma pauperis</u>.

The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915, <u>e.g.</u>, the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[1]

---

1. Section 1915(e)(2), which was created by § 804(a)(5) of the Act, provides:

We will now review the complaint pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)[2] as against defendant, Lackawanna County Prison and plaintiff will be given an opportunity to amend his complaint to identify the John Doe defendants.

When considering a complaint accompanied by a motion to proceed <u>in forma pauperis</u>, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. <u>Neitzke v. Williams</u>, 490

---

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

1. Section 1915(e)(2), which was created by § 804(a)(5) of the Prison Litigation Reform Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at anytime if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

U.S. 319, 327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989).[3] "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 1734 (1992).

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141 (3d Cir. 1990).

In this case, the only named defendants are the plaintiff's former place of confinement, the Lackawanna County Prison and its "employes"(sic). (Doc. 1, ¶ III(B).) Washington states that the defendants employed a "sadistic use of force", when "on August 10, 1999, a correctional officer beat [plaintiff]". Plaintiff claims to have then "blacked out without knowing that defendants intended

---

3. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

to do body wrong with malice" when they "let him drop off a tier". He claims that defendants refused to let him see a doctor and that he was "in very bad pain for longes (sic) time", but "most of the time I got I can do anything for you." Id. Washington requests "money for all the time [he] was in pain and they didn't do anything" and "for all the day and night [he] was in pain".

A prison or correctional facility is not a person within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.) Sponsler v. Berks County Prison, Civ.A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995); Gonzalez v. Lancaster County Prison, Civ. No. 95-0355, 1995 WL 46697, at *1 (E.D. Pa. Feb. 1, 1995); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976). Consequently, the claims against the Lackawanna County Prison are clearly subject to dismissal.

With respect to the "Lackawanna County Prison employees", John Doe defendants may only be allowed "to stand in for the alleged real parties until discovery permits the intended defendants to be installed." Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993) (citations omitted). Absent compelling reasons, a district court may dismiss such defendants if a plaintiff, after being granted a reasonable period of discovery,

fails to identify them. <u>Scheetz v. Morning Call, Inc.</u>, 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be dismissed, if discovery yields no identities.").

Based on this court's review of the record, although this action was filed some time ago, plaintiff has not yet provided this court with the identities of the John Doe defendants. Thus, plaintiff will be granted thirty (30) days from the date of this order in which to properly provide the names of the John Doe defendants. If Washington fails to timely identify those defendants, they shall be dismissed from this action under the authority of <u>Scheetz</u>. An appropriate order will enter.

NOW, THEREFORE, THIS 17th DAY OF JULY, 2001, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to proceed <u>in forma pauperis</u> is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

2. The complaint is dismissed against the Lackawanna County Prison, without prejudice, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. Within thirty (30) days of the date of this order, plaintiff shall provide the names of the John Doe defendants.

5

4.  If the plaintiff fails to identify the John Doe defendants within thirty (30) days of the date hereof, they shall be dismissed from this action under the authority of <u>Scheetz</u> .

*[signature]*
_____
YVETTE KANE
United States District Judge

YK:dlb

```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

                    * * MAILING CERTIFICATE OF CLERK * *

                              July 18, 2001


    Re:  1:00-cv-01991    Washington v. Lackawanna County Pr


    True and correct copies of the attached were mailed by the clerk
    to the following:


         Stephen Washington
         SCI-HOUTZDALE
         EJ8067
         P.O. Box 1000
         Houtzdale, PA  16698-1000




cc:
Judge                         (✓)        (✓) Pro Se Law Clerk
Magistrate Judge              ( )        ( ) INS
U.S. Marshal                  ( )        ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( )   with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5           ( )
Order to Show Cause           ( )   with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )   PA Atty Gen ( )
                                         DA of County  ( )   Respondents ( )

Bankruptcy Court              ( )
Other _____        ( )
                                              MARY E. D'ANDREA, Clerk


DATE:    7-18-01                        BY: _____
                                              Deputy Clerk
```